1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STACEY D. SCHESSER, State Bar No. 245735
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5774
    Fax: (415) 703-5843
8   Email: Stacey.Schesser@doj.ca.gov

9  Attorneys for Respondent Warden Ben Curry

10

11                  IN THE UNITED STATES DISTRICT COURT

12               FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14  **MICHAEL ANTHONY SIMMONS,**              C07-4537 CRB

15                              Petitioner,   **ANSWER TO ORDER TO SHOW
                                              CAUSE; SUPPORTING
16             v.                             MEMORANDUM OF POINTS AND
                                              AUTHORITIES**
17  **BEN CURRY, Warden,**

18                             Respondent.    Judge:   The Honorable Charles R. Breyer

19

20      In this habeas corpus action, California state inmate Michael Simmons contends that the

21  Board of Parole Hearings violated his right to federal due process by finding him unsuitable for

22  parole at his April 5, 2006 parole consideration hearing.

23      This Court issued an order to show cause on January 11, 2008. Respondent Warden Ben

24  Curry answer as follows:

25                                **ANSWER**

26      Respondent hereby admits, denies, and alleges the following in response to the Petition for

27  writ of habeas corpus filed in this Court on August 31, 2007:

28  ///

Answer to Order to Show Cause; Mem. of P. & A.                    *Simmons v. Curry*
                                                        Case No. C07-4537 CRB

1.    Respondent affirmatively alleges that Simmons is lawfully in the custody of the California Department of Corrections and Rehabilitation following his September 21, 1990 conviction for second degree murder with the use of a firearm. (Ex. 1, Abstracts of J.)  He is currently serving an indeterminate sentence of fifteen years to life, plus an additional two-year enhancement for the use of a firearm. (*Id.*)  Simmons does not challenge this conviction in the instant action.

2.    Simmons was convicted of second-degree murder for fatally shooting his live-in girlfriend of six years, Corrina Mills.  On May 28, 1989, while Petitioner and the victim were arguing in their garage, their children went next door and told a neighbor, Mr. Cothren, that their parents needed him.  Mr. Cothren tried to intervene, but left the garage.  Shortly after, he heard a loud bang.  When Mr. Cothren entered the garage he found the victim on the floor with a gunshot wound to the face, and Petitioner with a gun in his hand.  A witness across the street heard a man's voice yell that he was "going to kill the fucking bitch."  The witness heard the gunshot and then saw petitioner run around the front of the duplex yelling, "I killed her.  She's dead." (Exh. 2, Probation Officer's Report; Ex. 3, Ca. Ct. App. Dec.)

3.    Respondent admits that Simmons received a parole consideration hearing before the Board of Parole Hearings on April 5, 2006.  (Ex. 4, Hearing Tr.)  At the hearing, the Board considered all relevant and reliable information, but ultimately found Simmons unsuitable for parole because he would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. (*Id.* at 54.)  The Board relied primarily on the commitment offense, finding Simmons's motive to be inexplicable in relation to the offense. (*Id.*)  The Board also noted that Petitioner had a tumultuous relationship with the victim, one fueled by drug use and guns. (*Id.*)  It also expressed concern that in the last 17 years, the facts of what happened on the day of the murder have become less clear to those involved, even though the record remains the same. (*Id.*)  Finally, the Board found that Petitioner failed to profit from society's previous attempts to correct his criminality based on a pre-incarceration adult probation term for illicitly carrying a loaded firearm. (*Id.* at 55.)

4.    Respondent admits that Simmons filed a petition in San Bernardino County Superior

Answer to Order to Show Cause; Mem. of P. & A.

*Simmons v. Curry*
Case No. C07-4537 CRB

1  Court generally alleging the same claims that he alleges here. (Ex. 5, Super. Ct. Pet.[1/])

2  Respondent further admits that the San Bernardino County Superior Court denied Simmons's

3  petition for writ of habeas corpus in a reasoned decision on November 22, 2006. (Ex. 6, Order.)

4      5.   Respondent admits that Simmons filed a petition in the California Court of Appeal

5  generally alleging the same claims that he alleges here. (Ex. 7, Ct. App. Pet.) Respondent

6  further admits that the California Court of Appeal summarily denied Simmons's petition for writ

7  of habeas corpus on January 23, 2007. (Ex. 8, Order.)

8      6.   Respondent admits that Simmons filed a petition for review in the California Supreme

9  Court generally alleging the same claims that he alleges here. (Ex. 9, Sup. Ct. Pet.) Respondent

10  further admits that the California Supreme Court summarily denied Simmons's petition on April

11  18, 2007. (Ex. 10, California Supreme Court Denial.)

12      7.   Respondent admits that Simmons thus exhausted his state court remedies in regard to

13  the claims alleged here stemming from the Board's 2006 denial. 28 U.S.C. §2254(b). However,

14  Respondent denies that Simmons exhausted his claims to the extent that they are more broadly

15  interpreted to encompass any systematic issues beyond the 2006 denial.

16      8.   Respondent denies that Simmons presents a federal question when he contends that the

17  state courts improperly applied or interpreted state law. Alleged errors in the application of state

18  law are not cognizable in federal habeas corpus. *Pulley v. Harris*, 465 U.S. 37, 41 (1984);

19  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1984).

20      9.   Respondent denies that Simmons presents the proper standard of judicial review in

21  federal habeas when he argues contentions based on unsettled state law appellate decisions. (*See*

22  Pet. at 6l-6n.)

23      10.   Respondent preserves the argument that Simmons does not have a federally protected

24  liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1,

25  12 (1979) (liberty interest in conditional parole release date created by unique structure and

27     1. To avoid a voluminous and repetitive filing, Respondent does not include the exhibits to any of the state court habeas petitions as exhibits to this Answer. Respondent will of course provide
28  this Court with its copies of those exhibits upon request.

Answer to Order to Show Cause; Mem. of P. & A.    *Simmons v. Curry*
Case No. C07-4537 CRB

3

1  language of state parole statute); *In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's

2  parole scheme is a two-step process that does not impose a mandatory duty to grant life inmates

3  parole before a suitability finding); and *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (no federal

4  liberty interest in parole because serving a contemplated sentence does not create an atypical or

5  significant hardship compared with ordinary prison life). *Contra Sass v. Cal. Bd. of Prison*

6  *Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) (holding that California inmates have a federally

7  protected liberty interest in a parole date).

8      11.  Respondent denies that the state court denials of habeas corpus relief were contrary to,

9  or involved an unreasonable application of, clearly established United States Supreme Court law,

10  or that the denials were based on an unreasonable interpretation of facts in light of the evidence

11  presented. 28 U.S.C. § 2254(d). Simmons therefore fails to make a case for relief under

12  AEDPA.

13      12.  Respondent affirmatively alleges that Simmons was given notice of the hearing and an

14  opportunity to be heard, as well as issued a decision by the Board explaining why he was found

15  unsuitable for parole. Accordingly, Simmons received all process due under *Greenholtz*, the only

16  clearly established federal law regarding inmates' due process rights in a parole setting.

17      13.  Respondent affirmatively alleges that the some-evidence standard does not apply in

18  federal habeas proceedings challenging parole denials because it is not clearly established federal

19  law. To the extent that this Court disagrees and finds that the some-evidence standard derived

20  from the prison disciplinary context applies here, Respondent alleges that there is some evidence

21  supporting the Board's 2006 decision. Respondent thus denies violating Simmons's due process

22  rights on these grounds.

23      14.  Respondent affirmatively alleges that the Board is permitted to deny parole based on

24  unchanging factors because there is no clearly established federal law that prohibits the Board

25  from relying on these factors when determining parole suitability. Respondent also denies that

26  the commitment offense has lost its predictive value and no longer constitutes evidence that

27  Simmons poses an unreasonable risk of danger to society.

28      15.  Respondent denies that Simmons's classification as a Level II inmate bears any

Answer to Order to Show Cause; Mem. of P. & A.

1    relevance to the Board's determination of his suitability for parole.  Respondent further denies

2    that the Board elevated petitioner's offense beyond his conviction for second-degree murder, that

3    the doctrine of judicial estoppel applies in any way to Simmon's case, or that double jeopardy

4    could attach when determining parole suitability.  (*See* Pet. at 6r.)  Respondent further denies that

5    the California Department of Corrections and Rehabilitation has not found Simmons to be a

6    threat to public safety.

7        16.   Respondent denies that the Board has converted Simmons's sentence into life without

8    the possibility of parole.  Although the Board has denied parole at this time, this is not to say that

9    it will not find Simmons suitable at some point in the future.

10       17.   Respondent admits that Simmons's claims are timely under 28 U.S.C. § 2244(d)(1)

11   (2000), and are not barred by any other procedural defense.

12       18.   Respondent denies that an evidentiary hearing is necessary in this matter.

13       19.   Respondent denies that it is proper for any court to order Simmons discharged from

14   custody.  Respondent further denies that Simmons is entitled to discharge from custody.

15   Respondent alleges that should this Court grant Simmons's Petition, the proper remedy would

16   only be to order a new hearing by the Board.

17       20.   Respondent affirmatively alleges that Simmons establishes no grounds for habeas

18   relief.

19       21.   Except as expressly admitted above, Respondent denies every allegation in the petition,

20   and specifically denies any violation of Simmons's administrative, constitutional, or statutory

21   rights.

22       Thus, Respondent requests that this Court deny the petition and dismiss these proceedings.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Answer to Order to Show Cause; Mem. of P. & A.

*Simmons v. Curry*
Case No. C07-4537 CRB

1
2
3
4

## MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

### SIMMONS FAILS TO SHOW THAT HABEAS RELIEF IS WARRANTED UNDER AEDPA.

5      Under AEDPA, a federal court may grant a writ of habeas corpus on a claim that a state

6 court already adjudicated on the merits only if the state court's adjudication was either:  1)

7 "contrary to, or involved an unreasonable application of, clearly established Federal law, as

8 determined by the Supreme Court of the United States;" or 2) "based on an unreasonable

9 determination of the facts in light of the evidence presented at the State Court proceeding."  28

10 U.S.C. § 2254(d)(1-2) (2000).  The state court decisions denying Simmons's claim for habeas

11 relief were neither contrary to or an unreasonable application of federal law, nor were they based

12 on an unreasonable determination of the facts in light of the evidence presented.  Therefore,

13 Simmons fails to establish a violation of AEDPA standards, and the state court decisions must

14 stand.

15      **A.   The State Court Decisions Were Not Contrary to Clearly Established Federal**
16          **Law.**

17      In *Greenholtz*, the United States Supreme Court established the due process protections

18 required in a state parole system.  The Court held that the only process due at a parole

19 consideration hearing is an opportunity for the inmate to present his case, and an explanation for

20 a parole denial.  *Greenholtz*, 442 U.S. at 16.  Simmons's claim fails because he received both of

21 these protections.

22      At his hearing, Simmons had an opportunity to present his case to the Board and he later

23 received an explanation as to why the Board denied parole.  (*See generally* Ex. 4.)  Simmons

24 does not contend otherwise in his petition.  Therefore, the state courts properly upheld the

25 Board's finding of unsuitability – and the petition should be denied – because Simmons received

26 all process due under *Greenholtz*.

27 ///

28 ///

Answer to Order to Show Cause; Mem. of P. & A.

*Simmons v. Curry*
Case No. C07-4537 CRB

1     **1.    Per *Carey v. Musladin*, It Is Improper to Import the Some-Evidence Test to**
           **Determine Whether Due Process Is Satisfied Because Prison Disciplinary**
2          **Decisions are Factually Distinctive from State Parole Consideration**
           **Determinations.**

3

4     Simmons invites this Court to consider the evidence reviewed by the Board, which has no

5     basis in clearly established Supreme Court law.  In fact, in *Greenholtz*, the Supreme Court wrote,

6     "nothing in due process concepts as they have thus far evolved requires the Parole Board to

7     specify the particular 'evidence' in the inmate's file or at his interview on which it rests the

8     discretionary determination that an inmate is not ready for conditional release." *Greenholtz*, 442

9     U.S. at 15.

10    Moreover, the United States Supreme Court has never held that a parole denial by the Board

11    must be supported by the some-evidence standard.  The some-evidence standard is derived from

12    *Hill*, in which the Supreme Court considered a challenge by two inmates who lost 100 days of

13    good-time credits after a prison disciplinary board determined that they were involved in an

14    assault on another inmate.  *Superintendent v. Hill*, 472 U.S. 445, 448 (1985).  The Supreme

15    Court held that the prison disciplinary board's decision must be supported by some evidence,

16    even if meager or indirect evidence, in order to satisfy due process.  *Id.* at 457.  However, nothing

17    in *Hill* discusses the federal process due an inmate in the context of parole consideration

18    hearings.

19    For purposes of AEDPA, then, *Hill's* some-evidence standard cannot be considered clearly

20    established federal law here.  The Supreme Court set forth this very principle – that it is error to

21    import a federal test derived in one factual situation to a completely different factual scenario – in

22    *Carey v. Musladin*, __ U.S. __, 127 S. Ct. 649, 653-54 (2006) [holding that the clearly-

23    established test for inherent prejudice that governs state-sponsored conduct is not a clearly

24    established standard for evaluating spectator conduct].   In fact, "clearly established federal law"

25    refers only to the holdings of the nation's highest court on the specific issue presented. *Id.* at

26    653-54. *See also Schriro v. Landrigan*, __ U.S. __, 127 S. Ct. 1933, 1942 (2007).  In *Hill*, the

27    specific issue presented was not parole consideration, as it is here.

28    As recently affirmed by the Ninth Circuit in *Stenson v. Lambert*, "when the Supreme Court

1  has not addressed an issue in its holding, a state court adjudication of the issue not addressed by

2  the Supreme Court cannot be contrary to, or an unreasonable application of, clearly established

3  federal law." ___F.3d___, 2007 WL 2782551 at *5 (9th Cir. 2007); *See also Foote v. Del Papa*,

4  492 F.3d 1026, 1029-30 (9th Cir. 2007); *Nguyen v. Garcia*, 477 F.3d 716 (9th Cir. 2007). "What

5  matters are the holdings of the Supreme Court, not the holdings of lower federal courts."

6  *Plumlee v. Masto*, ___ F.3d ___, No. 04-15101, 2008 U.S. App. LEXIS 985, *14 (9th Cir.

7  January 17, 2008).

8      Given that *Hill* applied the some-evidence standard to a prison disciplinary hearing and

9  Simmons contests a parole denial, the some-evidence standard does not apply to this case.

10  Because *Greenholtz* is the *only* United States Supreme Court authority describing the process due

11  at a parole consideration hearing when an inmate has a federal liberty interest in parole, the

12  *Greenholtz* test, not the some-evidence standard, should apply in this proceeding.  Regardless,

13  Respondent recognizes that the Ninth Circuit has held otherwise, most recently in *Irons v. Carey*,

14  505 F.3d 846 (9th Cir. 2007), and will argue this case accordingly.

15      **B.    The State Court Decisions Upholding the Board's Denial of Parole Were a
       Reasonable Application of Clearly Established Federal Law.**

16

17      Assuming that Simmons has a federally protected liberty interest in parole and that the

18  "minimally stringent" some-evidence standard applies, the requirements of due process are

19  satisfied if there is "any evidence in the record that could support the conclusion reached by the

20  disciplinary board." *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (applying some-

21  evidence standard to prison disciplinary hearing).  The some-evidence standard "does not require

22  examination of the entire record, independent assessment of the credibility of witnesses, or

23  weighing of the evidence;" rather, it assures that "the record is not so devoid of evidence that the

24  findings of the . . . board were without support or otherwise arbitrary." *Hill*, 472 U.S. at 455,

25  457.  Thus, both the "reasonable application" standard of AEDPA and the some-evidence

26  standard of *Hill* are very minimal standards.

27      When, as here, the California Supreme Court denies a petition for review without

28  comment, the federal court will look to the last reasoned decision as the basis for the state court's

Answer to Order to Show Cause; Mem. of P. & A.                          *Simmons v. Curry*
                                                                        Case No. C07-4537 CRB

1   judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991).  In this case, the last reasoned

2   decision is the San Bernardino County Superior Court decision denying Simmons's habeas

3   claim.  (Ex. 6.)  The court found "after a review of the evidence before the Board that there was

4   more than some evidence to support the denial of suitability for parole on the basis of the conduct

5   of the Petitioner in the commission of the crime." (*Id.* at 3.)  The court also noted  that "the

6   Board need not explain its decision or the precise manner in which the facts were relevant to

7   parole suitability," affirming that "[t]his consideration and balancing lie within the discretion of

8   the Board."  (*Id.* at 2 [citing *In re Rosenkratz* (2002) 29 Cal.4th 616].)  Therefore, Simmons's

9   claims fail because these findings were a reasonable application of the *Hill* some-evidence

10  standard.

11          Simmons's contention that his due process rights are violated by the Board's continued

12  use of unchanging factors does not make the state courts' application of the some-evidence

13  standard unreasonable.  (Pet. at 6s.)  No clearly established federal law prohibits the Board from

14  relying on unchanging factors, including Simmons's commitment offense and past criminal

15  conduct, when determining parole suitability.  While it is true that the Ninth Circuit has held that

16  continued reliance on an unchanging factor to deny parole "could result in a due process

17  violation," it did not definitively indicate that reliance on an unchanging factor necessarily

18  violates due process – only that it *possibly* could.  *Biggs v. Terhune* 334 F.3d 910, 917 (9th Cir.

19  2003).  Even more, this statement was found in the circuit court's dicta, and therefore cannot be

20  construed as clearly established federal law sufficient to overturn a state court decision under

21  AEDPA standards.  (See Part A.1, *infra*.)  Thus, the state court decisions were not contrary to or

22  an unreasonable application of clearly established law with respect to this claim.

23          **C.    The State Court Decisions Upholding the Board's Denial Were Based on a**
                     **Reasonable Interpretation of the Facts in Light of the Evidence Presented.**
24
                The second standard under AEDPA is that state court habeas decisions must be based on
25
     a reasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(2)
26
     (2000).  Simmons bears the burden of proving that the state courts' factual determinations were
27
     objectively unreasonable.  28 U.S.C. § 2254(e)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th
28

Answer to Order to Show Cause; Mem. of P. & A.                                    *Simmons v. Curry*
                                                                           Case No. C07-4537 CRB

1 | Cir. 2005). In his Petition, Simmons fails to prove that the state courts' upholding of the Board's

2 | denial were based on objectively unreasonable factual determinations.

3 |       Here, the state courts properly found that some evidence supported the Board's denial.

4 | (Ex. 6 at 2.) The Board relied on facts found in Simmons's probation report and the Court of

5 | Appeal decision to conclude that the gravity of Simmons's offense warranted a further period of

6 | incarceration. (*See generally* Exs. 2-3.) In addition, the Board relied on Simmons's own

7 | testimony at the parole consideration hearing concerning his pre-incarceration criminal record,

8 | specifically his adult probation for carrying a loaded weapon. (Ex. 4 at 18.) Thus, the state

9 | courts' upholding of the Board's denial is both supported by the record and a reasonable

10 | interpretation of the evidence presented. As such, the state court denials of habeas relief meet

11 | AEDPA standards, and there are no grounds for this Court to overturn the decisions. The

12 | petition for writ of habeas corpus should be denied.

13 | **CONCLUSION**

14 |       To invalidate the Board's parole denial under AEDPA, Simmons must show that the state

15 | court decisions denying habeas relief were contrary to, or an unreasonable interpretation of,

16 | clearly established Supreme Court law, or that the decisions involved unreasonable factual

17 | determinations. Simmons fails to make these showings. First, Simmons received all process due

18 | under *Greenholtz*, the only clearly established federal law specifying due process in a parole

19 | setting. Second, the state court decisions denying Simmons parole did not apply the some-

20 | evidence standard in a manner involving an unreasonable application of United States Supreme

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

Answer to Order to Show Cause; Mem. of P. & A.

*Simmons v. Curry*
Case No. C07-4537 CRB

1    Court law, nor did they involve unreasonable factual determinations, because some evidence

2    supports the Board's denial of parole.  As a result, Respondent respectfully requests that this

3    Court deny Simmons's Petition for Writ of Habeas Corpus.

4

5            Dated:  March 3, 2008

6                                     Respectfully submitted,

7                                     EDMUND G. BROWN JR.
                                      Attorney General of the State of California

8                                     DANE R. GILLETTE
                                      Chief Assistant Attorney General
9
                                      JULIE L. GARLAND
10                                    Senior Assistant Attorney General

11                                    ANYA M. BINSACCA
                                      Supervising Deputy Attorney General

12

13                                    *Stacey D. Schesser*

14

15                                    STACEY D. SCHESSER
                                      Deputy Attorney General
16                                    Attorneys for Respondent

17
     40219930.wpd
18   SF2008400195

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────
Answer to Order to Show Cause; Mem. of P. & A.                    *Simmons v. Curry*
                                                                  Case No. C07-4537 CRB

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Simmons v. Curry**

No.:    **C07-4537 CRB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the
California State Bar, at which member's direction this service is made. I am 18 years of age or
older and not a party to this matter. I am familiar with the business practice at the Office of the
Attorney General for collection and processing of correspondence for mailing with the United
States Postal Service. In accordance with that practice, correspondence placed in the internal
mail collection system at the Office of the Attorney General is deposited with the United States
Postal Service that same day in the ordinary course of business.

On <u>March 3, 2008,</u> I served the attached

### ANSWER TO ORDER TO SHOW CAUSE;
### SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,
in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate
Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Michael Simmons**
**E-70748**
**Correctional Training Facility**
**P.O. Box 686**
**Soledad, CA 93960-0686**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true
and correct and that this declaration was executed on March 3, 2008, at San Francisco,
California.

| | |
|---|---|
| L. Santos | |
| Declarant | Signature |

40224435.wpd