**EXHIBIT 6**

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN BERNARDINO

ACIS Case No.:                JUDGE: BOB N. KRUG         DATE: November 20, 2006

CASE NO.:SWHSS- 8914          CLERK: V. GAYTON           COUNSEL:

DEPT.: S-16                   BAILIFF: --

REPORTER: --

CASE TITLE:  In the Matter of the Application of
             MICHAEL SIMMONS
             on Habeas Corpus

Date Filed: _____

NOV 22 2006

No. SD2006701219
BY NOEMI ABUNDEZ

NATURE OF PROCEEDINGS:

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

MINUTE ORDER:

The court has received, read and considered the Petition for Writ of Habeas Corpus filed by the Petitioner on August 16, 3006; the Informal Response filed by the Respondent on October 18, 2006; and the Informal Reply filed by the Petitioner on November 1, 2006.

Petitioner has filed his Petition for Writ of Habeas Corpus contending there was a lack of evidence to support a finding of unsuitability for parole and that he posed an unreasonable threat to public safety. He further contends that Penal Code § 3041(a) creates a liberty interest.

The Petitioner was convicted of a violation of Penal Code § 187(a) murder in the second degree with a gun enhancement and was sentenced to a period in State Prison of seventeen (17) years to life. He was received at the institution on September 27, 1990 and his eligible date for parole was November 29, 2001. It is unclear as to how many actual previous suitability hearings he had before the Board but it is apparent that he had been previously reviewed by the Board for parole and found unsuitable.

Apparently the Petitioner and the victim, a Ms. Mills lived together for a period of six (6) years. It is also apparent that Ms. Mills had difficulty in controlling her temper resulting in the Petitioner and Ms. Mills being in constant arguments. On May 28, 1989, the police responded to a report of shots being fired and upon arriving at the residence of the Petitioner and Ms. Mills found her lying on the garage floor having been shot. The Petitioner admitted shooting the victim. The Petitioner claimed he did not intend to shoot her but was attempting to block an attempt by the victim to strike him and a gun the Petitioner was holding "fired".

1

A review of the decision of the Board indicates that they found him not suitable for parole and that he continued to be an unreasonable risk of danger to society if released. The court has reviewed the record of the proceedings before the Board of Prison Terms on April 5, 2006 and finds that the Board considered each and every element or criteria it is required to consider in making it's finding as set forth in In re Rosenkrantz 29 Cal. 4th 616.

The last and most definitive word on the area of law controlling judicial review of Board of Parole Hearing decisions denying a finding of suitability for parole was made by the California Supreme Court in In re Rosenkrantz 29 Cal. 4th 616 and in In re Dannenberg 34 Cal. 4th 1061 and, although the higher court in Rosenkrantz, Supra, was ruling on the Governor's actions, the rules of law controlling review also applied to judicial review of the Board of Parole Hearing decisions. This is evident by the court referring continually to the rules, which govern the Board as being the same rules that control judicial review of the governor's decisions. The Petitioner cites In re Wen Lee, but the court is unable to find this case in either the bound Wilkins or Advance Sheets of the Official Reports.

Penal Code § 3041(b) provides for parole review of inmates such as Petitioner and further provides that such inmates shall be given a release date unless the Board determines that the gravity of the current convicted offense is such that consideration of the public safety requires a more lengthy period of incarceration. California Code of Regulations, Title 15, Section 2401(a) - (d) sets forth the rules by which the Board is to make its determination. As stated by the Supreme Court in In re Dannenberg, Supra, parole applicants have an expectation of being granted parole unless the Board finds in the exercise of its discretion that the applicant is unsuitable.

The operative words are "in the exercise of its discretion". Judicial review of this discretion is limited only to a determination of whether there is "some evidence" in the record to support the decision. As held by the court, this standard of "some evidence" is extremely deferential.

The reviewing court is prohibited from conducting an independent assessment of merits or considering whether substantial evidence supports the findings of the Board and its underlying decision. The Board is required to consider the Petitioner's background, his institutional participation, post-parole plans, as well as the psychological evaluations. The High Court held, however, that the nature of the inmate's offense, alone, could constitute a sufficient basis for denying parole. This does not permit the paroling authority to automatically exclude parole for individuals who have been convicted of a particular type of offense.

A review of the record supports a finding that there was "some evidence" which led the Board to its finding of unsuitability of the Petitioner for parole, for as the High Court described such evidence, it need be only a "modicum" of evidence.

The Board did consider the positive factors, which favored parole and made its finding that these did not outweigh the factors surrounding the circumstances of the crime. While the decision did not reflect the weighing process of the Board, the Rosenkrantz Court, at page 677, clearly states that the Board need not explain its decision or the precise manner in which the facts were relevant to parole suitability. This consideration and balancing lie within the discretion of the Board. It is plain and the Board stated in its decision that the primary basis for the finding of the Petitioner being unsuitable for parole and that he would impose an unreasonable risk or threat to society was the circumstances of the committed offense. The decision of the Board indicates that it relied upon the fact that the motive for the crime was inexplicable in relation to the nature of the circumstances that the relationship between the Petitioner and the victim was tumultuous with a combination of loaded guns and drugs.

The Board also found that the Petitioner had failed to profit from society's previous attempts to correct his conduct in that he was previously on adult probation for having a loaded firearm.

The court feels after a review of the evidence before the Board that there was more than some evidence to support the denial of suitability for parole on the basis of the conduct of the Petitioner in the commission of the crime. The court further finds that the denial of suitability for one (1) year was appropriate.

The Petition for Writ of Habeas Corpus is denied.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO, CENTRAL DISTRICT

| | |
|---|---|
| TITLE OF CASE (ABBREVIATED): | In the Matter of the Application of **MICHAEL SIMMONS** on Habeas Corpus |
| CASE NUMBER: | SWHSS – 8914 |

## DECLARATION OF SERVICE BY MAIL

My business address is: San Bernardino Superior Court, 351 N. Arrowhead Avenue, San Bernardino, California 92415.

I hereby declare that I am a citizen of the United States, over the age of 18, employed in the above-named county, and not a party to nor interested in this proceeding. On _____November 20, 2006_____, I deposited in the United States mail at San Bernardino, California, a sealed envelope (postage prepaid) which contained a true copy of the attached:

**NAME OF DOCUMENT:**

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

which was addressed as follows:

**Name and Address of Persons Served:**

Michael Simmons, E-70748
P.O. Box 689, ED-147-U
Soledad, CA 93960-0689

Collette C. Cavalier, Dep. Atty. General for
Bill Lockyer, Attorney General
State of California
P.O. Box 85266
San Diego, CA  92186-5266

(Together with copy of Minute Order)

At the time of mailing this notice there was regular communication between the place of mailing and the place(s) to which this notice was addressed.

I declare under penalty of perjury the foregoing to be true and correct.

DATED: _____November 20, 2006_____     by _____
                                              Mary Jo Phipps
                                              Judicial Secretary