# EXHIBIT 7

E042117

JAN - 9 2007

MC-275

FILED
JAN 10 2007
COURT OF APPEAL FOURTH DISTRICT

Name Michael Simmons

Address P.O. Box 689

Soledad, CA 93960-0689

CDC or ID Number E-70748

COURT OF APPEAL, FOURTH DISTRICT

STATE OF CALIFORNIA

(Court)

| MICHAEL SIMMONS |
|---|
| Petitioner |
| vs. |
| BEN CURRY, Warden (A), et al. |
| Respondent |

PETITION FOR WRIT OF HABEAS CORPUS

No. E042117

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**
- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the Judicial Council of California MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq., Cal. Rules of Court, rule 60(a)

COPY

American LegalNet, Inc. www.USCourtForms.com

This petition concerns:

[ ] A conviction [XXX] Parole

[ ] A sentence [ ] Credits

[ ] Jail or prison conditions [ ] Prison discipline

[XXX] Other *(specify)*: Board of Parole Hearings denial of parole without evidence petitioner currently poses a risk to public safety.

1. Your name: Michael Simmons

2. Where are you incarcerated? Correctional Training Facility - East Dormitory

3. Why are you in custody? [XXX] Criminal Conviction [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

Second Degree Murder

b. Penal or other code sections: 187

c. Name and location of sentencing or committing court: Superior Court of California, County of San Bernardino.

d. Case number: VCR 4656

e. Date convicted or committed: June 29, 1990

f. Date sentenced: September 17, 1990

g. Length of sentence: 17 to Life.

h. When do you expect to be released? Anytime after November 29, 2001.

i. Were you represented by counsel in the trial court? [XX] Yes. [ ] No. If yes, state the attorney's name and address:

P. Morris, address unknown to me at this time.

4. What was the LAST plea you entered? *(check one)*

[XX] Not guilty [ ] Guilty [ ] Nolo Contendere [ ] Other:

5. If you pleaded not guilty, what kind of trial did you have?

[XX] Jury [ ] Judge without a jury [ ] Submitted on transcript [ ] Awaiting trial

## INTRODUCTION

Petitioner submits this application for a writ of habeas corpus, declaring the "record", ((established during his fifth parole consideration hearing, held April 5, 2006), (Transcripts of hearing are submitted as Exhibit "1") (Exhibits submitted separately)) holds NO EVIDENCE petitioner currently poses a risk to public safety with which to support the Board of Parole Hearings (Board) denial of parole.

## BACKGROUND

Ms. Mills (the victim) and Mr. Simmons (the petitioner) lived together for a period of seven years, during which time evidence developed that the victim had a bad temper.

On May 28, 1989, the victims temper led to the following chain of events:

Petitioner's car was broken so he could not go to work on the Friday preceding the homicide. With the help of a neighbor, Chris Cothren, petitioner began working on his car in order to get it running to get to work on Monday. The victim was angry that petitioner was unable to go to work. Petitioner worked on the car all Friday night. On Saturday, the car still not working, petitioner continued to attempt to repair the car with Cothren's help. On several different occasions, the victim came out yelled at petitioner for not spending enough time with her and the children (one girl and one boy). The next morning, Cothren saw petitioner and asked him if he was ready to work on the car, petitioner replied no "She's still pissed". Later that morning, the Children went to Cothren's residence, informing Cothren their parents needed him. When he arrived he found the victim in an agitated state on the floor. When he tried to help her, she hit him. The victim was angry and upset and throwing things. The victim then went into the garage and called petitioner. Cothren followed but retreated after the victim threw something his direction. Cothren then heard a loud bang. When he went into the garage, he found the victim on the floor and petitioner standing with the gun to his head. After kicking the gun out of petitioner's hand, petitioner was observed running around the duplex yelling, "I killed her. She's dead."

Petitioner testified that the victim yell at him for leaving a loaded pistol in a desk in the garage, as petitioner started to unload the gun, the victim made a motion as if to strike him, he flinched and the gun went off.

Petitioner, arrested on May 28, 1989, was released on bail on June 2, 1989. He was not considered a threat to the public, and not taken back into custody

until after the jury conviction on June 29, 1990. Petitioner has served over 16 actual years of incarceration, more than 20 years when earned conduct credits are added, for a conviction of second degree murder.

The above taken from Probation Report and Appellate Court Opinion (Ex "2", Ex G)

PAROLE CONSIDERATION HEARINGS

Petitioner has been up for parole five times. First hearing held, June 25, 2001 (Ex "2"'s, Ex C), second, June 25, 2002 (Ex "2"'s, Ex D), third, September 23, 2003 (Ex "2"'s, Ex E), fourth, September 21, 2004 (Ex "2"'s, Ex F), and his fifth, the hearing he challenges by this habeas petition April 5, 2006 (Ex "1").

While petitioner only submits the decisions of hearings One through Four (that's all that is presented to the hearing panel in the board packet) petitioner does submit the entire transcript of the latest hearing held April 5, 2006, (Ex "1").

At each hearing petitioner has been denied parole based solely on the commitment offense. Petitioner's first hearing panel told petitioner "we're not here to retry the case, again to determine your suitability for parole and we think that you're doing an excellent job". "Whatever you do, don't give up hope." (Ex "2"'s, Ex C). Petitioner's second hearing panel said "petitioner would be suitable for parole if petitioner would reconcile his position of the offense versus the jury's position" (Ex "2"'s, Ex D). Petitioner's third hearing panel said "You are one of the bright stars in prisoners that I have seen thus far. I see that in your future you will get a date. But at this point, it's not your time. There's still some time that you must serve, okay?" "Your in the fourth quarter of a football game, keep the ball from the other team and you win" (Ex "2"'s, Ex E). Petitioner's fourth hearing panel said "You're doing all the right things to get a date" (Ex "2"'s, Ex F).

Petitioner's latest hearing panel said "You're moving closer to the door" "your offense keeps you in" "it's going to take some time" (Ex "1").

Common thread among each hearing panel, ALL found petitioner met or exceeded Suitability factors as listed in California Code of Regulations Title 15 Division 2, Section 2402.

The panels deny parole based solely of the gravity of the offense.

SUPERIOR COURT FINDINGS (EXHIBIT "3")

First, the superior court claimed it could not find In re Lee case cited by petitioner. The only citation petitioner had at the time he filed his answer was 2006 DJDAR 13961, petitioner was unaware courts did not have access to Daily Appellate Reports. The official citation is 143 Cal.App.4th 1400.

Next, the courts finding that Dannenberg and Rosenkrantz prohibits judicial review is incorrect. The review process has been held to include whether there is actually "some evidence" that the commitment offense is "particularly egregious", and if supported, can the offense support parole denial once petitioner enters into first degree murder time?

PETITIONER'S CONTENTIONS

1. What evidence in the "record" can support a finding petitioner currently poses a unreasonable risk to public safety if released on parole?

2. Is the Board's failure to consider the California Department of Corrections and Rehabilitation assessment of petitioner's offense of "Not being Unusually Violent" versus the Board's "Particularly Egregious" finding, which is opposite and inconsistent, a violation of either the state or federal due process clauses of their constitutions?

3. Was petitioner's due process rights under the state and federal constitution violated at his fifth (5th) subsequent parole consideration hearing, held April 5, 2006, by the Board's continued use of unchanging factors.

4. Should petitioner's restitution fine of $10,000.00 dollars be reduced in accordance of California Penal Code 1202.4 (b)(2)?

**GROUND ONE:**

What evidence in the "record" can support a finding petitioner currently poses a unreasonable risk to public safety if released on parole?

Petitioner specifically challenges the Boards decision that he currently poses an unreasonable risk to public safety, if released on parole, during his fifth subsequent parole consideration hearing, held April 5, 2006, (Ex "1").

The Board asserted the following reason for denying parole:

"The panel has reviewed all the information received from the public and relied on the following circumstances in concluding that the prisoner is not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison. And specifically that is that the motive was inexplicable in relation to the offense. This was a tumultous relationship"..."The commitment offense was senseless, irregardless of which telling of the how it happened is accurate. It was unnecessary to have happened at all. And that's simply, in my opinion, going to take some time." (Ex "1", decision section).

The Board did **not** find the commitment offense to be especially heinous, atrocuous or cruel, (California Code of Regulations (CCR) Title 15 section 2402), nor would a finding be supported by the evidence, In re Lee, 143 Cal.App.4th 1400, Lee went to collect money owed to him by his victim, the victim refused to discuss the money owed, Lee fired five shots from his gun, two bullets wounded his victim, and one bullet killing the victims wife. The Court found this to be a commonplace murder, which did not justify the invocation of California Penal Code 3041 (b). The Court found in In re Shaputis, 37 Cal.Rptr.3d 324, a relationship marked by domestic violence, ended with Shaputis shooting his wife in the neck while drinking and arguing, contained "No Evidence" this type of murder had conduct beyond the minimum necessary required for a conviction for second degree murder. The court concluded denial of parole because of the offense was arbitrary and capricious.

In the instant case, witnesses at the parole hearing told the Board of the victim's bad temper, and the violent temper the victim exhibited on the day of this offense, the victim attached the neighbor, was throwing things at people,

fighting with petitioner. When the victim yelled at petitioner about his gun he keep in a drawer in the garage, petitioner trying to please the victim, attempted to unload the gun when the victim swung to hit him he shot her. "No Evidence" can be found in petitioner's offense is beyond Lee or Shaputis to prevent parole.

The factor statutorily required to be considered, and the overarching consideration, is "Public Safety" In re Scott, 133 Cal.App.4th 573. The court in Scott held: "The commitment offense can negate suitability only if circumstances of the crime "reliably" established by "evidence" in the "record" rationally indicate that the offender will present an unreasonable public safety risk if released from prison. The question in petitioner's case. What is it about petitioner's offense shows petitioner poses a current risk to public safety? None. All the Board found was, its time we need from you, which is not a finding allowed by California Law to deny parole Scott, supra, Lee, supra, In re Elkins, 50 Cal.Rptr. 3d 503, California Law does not allow the Board to convert a life with parole sentence into a life without parole sentence, Bair v. Folsom State Prison, 2005 WL 3081634 (E.D.Cal. 2005), Rosenkrantz v. Marshall, 2006 WL 2327085 (C.D. Cal. 2006). Yet the holding of the Superior court found, if the Board does not set a date, then its consider set at the maximum, i.e. life means life in prison.

The Board commended petitioner for his rehabilitation efforts and placed evidence in the record showing petitioner meets or exceeds CCR, title 15, section 2402's suitability requirements (Ex "1") as follows:

No Juvenile Record.

Stable Social History.

Signs of Remorse.

Petitioner never denied shooting the victim, and has always expressed his deepest sorrows.

Motivation for the Crime.

Significant stress factors were present towards petitioner by the victim the weekend proceeding the offense.

Battered Women Syndrome.

Does not apply. (And not discussed on the record) Yet, reverse the case factors, applies if petitioner were female.

Lack of Criminal History.

Petitioner's only prior was misdemeanor for carrying a loaded firearm in a public place. Petitioner was not violating any California Law for having a loaded firearm in his place of residence.

Age. Petitioner's present age (Almost 40) reduces probability of recidivism.

Understanding and Plans for Future.

Petitioner has family support, a place to live upon release and marketable skills with which to gain employment.

Institutional Behavior.

Petitioner has an exemplary prison behavior record and must be commended for his variety of programs of self-help he's taken.

The Board found petitioner has made numerous gains during his years of continued incarceration, has maintain these gains as evidenced by his non-violent prison record, because of which petitioner's prison security level has been reduced to the lowest possible for an inmate without a fixed parole date.

The California Department of Corrections and Rehabilitation (CDCR) has concluded petitioner poses a low security risk, always being mindful of public safety concerns by finding the following:

1) Petitioner's offense was "not unusually violent" by being classified a level II inmate.

2) Petition has a non-violent prison record.

3) Petitioner is now classified a low "public safety" risk by being housed at Correctional Training Facility II - East Dormitory - designed for

non-violent, programming, working individuals, such inmate's are considered "low risk" and "non-violent" as testified to in the case Johnson v. California, 321 F.3d 791, 795.

The Board's sole reason for denial of parole was time, all five hearing panel over a six year span have claimed petitioner cannot parole because he has not done enough time. California Law does not hold time as a factor to deny the setting of a parole date Penal Code 3041 (a) or (b). The Law holds a date shall normally be set, if time is the only factor, then the Board is to set the date.

Notwithstanding the offense, both Lee and Elkins supra held crimes loose most of their usefulness in foreseeing the likelihood of future offense after 10 years, petitioner's Board's never found his offense to be "Particularly Egregious", their is nothing contained in petitioner's record to support a finding he currently poses a risk to public safety and his offense occurred over 17 years ago.

All murders represent the basest form of human behavior. California Laws, however, provide for mechanisms by which even murders, in limited circumstances, are entitled to be paroled. The judiciary has an obligation to execute those laws. Petitioner's record establishes that he does not pose a unreasonable risk to public safety. Any contrary conclusion lacks any evidentiary support. As the record allows only one conclusion about petitioner's lack of dangerousness to the public, it would serve no purpose to remand this matter back to the Board to reconsider their decision (Lee, supra), nor would review by the Governor change the record.

Accordingly, this petition for writ of habeas should be granted, further, since petitioner could have been released by Law since November 29, 2001, (Ex "1") 5 years ago, this Court should order his release.

**GROUND TWO:**

Is the Board's failure to consider the California Department of Corrections

and Rehabilitation assessment of petitioner's offense of "Not being Unusually Violent" versus the Board's "Particularly Egregious" finding, which is opposite and inconsistent, a violation of either the state or federal due process clauses of their constitutions?

CCR, title 15 section 3375 (b), mandates "Public Safety" be considered during classification hearings. CCR, title 15 section 3375.2 (a)(7) prohibits an "Inmate" serving a "Life" term from a Level II facility, if any of the following case factors apply: Multiple Murders, Execution-Type Murder, High Notoriety (public panic if inmate escaped; based on, nature or circumstance of crime, criminal history, of custody behavior), and Unusual Violence.

CDCR found petitioner's offense met none of the above, lowered his custody level to a Level II inmate and now houses him in Correctional Training Facility - East Dormitory, housing reserved for non-violent inmates Johnson v. California, 321 F.3d 791, 795. The rules and regulations of East Dormitory are contained in (Exhibit "2"'s Exhibit B) which shows this housing unit is designed for non-violent, programming, working individuals, such as petitioner.

Clearly CDCR's assessment of petitioner is opposite and inconsistent of the Board's, who is an arm of the CDCR, In re Dannenberg, 23 Cal.Rptr.3d 440.

Thus, the alleged elevation of petitioner offense should be precluded under the doctrine of judicial estoppel, Morris v. State of Cal., 966 F.2d 448, cert. denied Cal. v. Morris, 506 U.S. 227. Plus, it can be said double jeopardy attaches Ashe v. Swenson, 397 U.S. 436. Petitioner has a right to be fairly judged Hampton v. U.S., 425 U.S. 484.

CDCR does not find petitioner to be a threat to public safety based on his offense, how then can the Board justify denying parole? It cannot be said, the Board is making a reasonable decision, good cause for judicial intervention, finding for estoppel to prevent reclassification of elements of petitioner's offense to justify denial of parole.

**GROUND THREE:**

Was petitioner's due process rights under the state and federal constitution violated at his fifth (5th) subsequent parole consideration hearing, held April 5, 2006, by the Board's continued use of unchanging factors.

While unclear why the Board denied parole, except they want more time, time is not a factor. Petitioner, as addressed, has been to five (5) parole hearings, at each he has been denied parole because he has not done enough time.

The Ninth Circuit has held that petitioner has a federally protected liberty interest in parole, Sass v. California Board of Prison Terms, 2006 DJDAR 11931. The Board commends petitioner for meeting all the rehabilitation requirements espoused by the prison system, (Ex "1") (CCR title 15 section 2402) and as addressed.

The United States Supreme Court found in Greenholtz v. Inmates of Nebraska, 442 U.S. 15, "the behavior record of an inmate during confinement is critical in determining the degree the inmate is prepared to adjust to parole release".

In Irons v. Warden, 358 F.Supp.2d 936, found: "In assessing any due process violation is the fact that continued reliance on unchanging circumstances transforms an offense for which California Law provides eligibility for parole into a de facto life imprisonment without parole.

Petitioner being denied parole at (5) hearings for not doing enough "time" violates his due process right to parole, requiring his release on parole.

**GROUND FOUR:**

Should petitioner's restitution fine of $10,000.00 dollars be reduced in accordance of California Penal Code 1202.4 (b)(2)?

Petitioner was convicted June 29, 1990 with a eligible parole date of November 29, 2001, eleven (11) years (Ex "1").

The sentencing court made no finding petitioner had an ability to pay a $10,000.00 dollar fine, in fact the court found petitioner lacked the ability to

reimburse the County for attorney fees and unable to pay cost of presentence report (Ex "4").

When a court finds a defendant has an inability to pay, then restitution amounts are set in accordance with California Penal Code 1202.4. Penal Code 1202.4 states in part: In the setting the restitution fine, multiply $200.00 dollars by the number of years to be served in prison, the inability to pay may be further considered when increasing the fine in excess of $200.00 dollars.

Petitioner's first actual release date of November 29, 2001, (minimum eligible parole release date, Penal Code 3041 (a)) whether paroled or not, the number of years in determining restitution should have been 11.

Petitioner was sentenced September 17, 1990, his first actual release date was November 29, 2001, eleven years, times $200.00 dollars equals $2200.00 dollars.

Respectfully, petitioner asks this court to reduce his restitution fine to $200.00 dollars due to his inability to pay, but not exceeding $2200.00 dollars under California Penal Code Section 1202.4.

///
///
///

8. Did you appeal from the conviction, sentence, or commitment? [XX] Yes. [ ] No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): Court of Appeal, Fourth District - State of California
   b. Result: Denied c. Date of decision: April 16, 1992
   d. Case number or citation of opinion, if known: E008614 OPINION ATTACHED with Exhibits (Bound and submitted separately) Exhibit "2"'s Exhibit G.
   e. Issues raised: (1)
   (2) See Appellate Court Opinion (Exhibit "2"'s Exhibit G)
   (3)
   f. Were you represented by counsel on appeal? [XX] Yes. [ ] No. If yes, state the attorney's name and address, if known:
   Robert E. Boyce and Tamare L. Cross - Address not known

9. Did you seek review in the California Supreme Court? [XXX] Yes. [ ] No. If yes, give the following information:
   a. Result: Denied b. Date of decision: Unknown
   c. Case number or citation of opinion, if known: Unknown
   d. Issues raised: (1) Unknown
   (2)
   (3)

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
    Issue not ripe during appeal process.

11. Administrative Review:
    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    Board of Parole Hearings have no Administrative Review Process.

    b. Did you seek the highest level of administrative review available? [XXX] Yes. [ ] No.
    *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? [XX] Yes. If yes, continue with number 13. [ ] No. If no, skip to number 15.

13. a. (1) Name of court: Superior Court of the State of California, for the County of San Bernardino

(2) Nature of proceeding (for example, "habeas corpus petition"): Habeas Corpus

(3) Issues raised: (a) Vioation of Due Process

(b) Parole denied without evidence petitioner currectly poses a risk of public safety.

(4) Result (*Attach order or explain why unavailable*): Denied see Exhibit "3"

(5) Date of decision: november 20, 2006

b. (1) Name of court:

(2) Nature of proceeding:

(3) Issues raised: (a)

(b)

(4) Result (*Attach order or explain why unavailable*):

(5) Date of decision:

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
N/A

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)
No delay.

16. Are you presently represented by counsel? [ ] Yes. [XXX] No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? [ ] Yes. [XXX] No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
Lower Court Denied, see above.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 12-28-06

[signature]
(SIGNATURE OF PETITIONER)

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ 1013(A), 2015,5)

I, Michael Simmons, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

Michael Simmons, CDCR #: E-70748
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: ED 147U
SOLEDAD, CA 93960-0689.

On December 28, 2006, I served the attached:

Petition for Writ of Habeas Corpus

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

California Courts of Appeal
Fourth Appellate District
750 B St. #300
San Diego, CA 92101-8189

California Attorney General
300 South Spring St.
Los Angeles, CA 90013

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 28, 2006.

Michael Simmons
Declarant