# EXHIBIT 9

# S149924

 **COPY**

Michael Simmons
E-70748
P.O. Box 689
Soledad, CA 93960-0689
Pro Se

$ORi\ g\ i\ o\ u$ SUPREME COURT
**FILED**

JAN 3 1 2007

Frederick K. Ohlrich Clerk

_____
DEPUTY

CALIFORNIA SUPREME COURT

**RECEIVED**

JAN 3 1 2007

CLERK SUPREME COURT

Michael Simmons,                    )    No.
                                    )
                Petitioner,         )
                                    )
v.                                  )    **PETITION FOR REVIEW**
                                    )
BEN CURRY, warden, et al.           )    (Court of Appeal -- State of California)
                                    )    (Fourth District Case No. E042117)
_____Respondent.___)    (Decision filed January 23, 2007)

PETITION FOR REVIEW

Petitioner, Michael Simmons, ask this court to review the denial of the
California Court of Appeal, Fourth Appellate District, denying his application
for writ of habeas corpus against the Board of Parole Hearings, denying his
application to be released on parole. Denial Decision filed Jan. 23, 2007.

NECESSITY FOR REVIEW

The Board of Parole Hearings deny parole when they feel an inmate has not
done the amount of time they require (yet never explain the amount of time they
want him to serve for the offense) the lower courts feel their judicial review
of Board decisions is limited to, if the Board denies parole, we rubber stamp,
In re Dannenberg, 23 Cal.Rptr.3d 417, yet how can all second degree murders be
so grave to always deny parole, or when did a time factor become a unsuitability
factor? Facts not found by a jury cannot be used against defendant.

Review is thus necessary to guide the Board as to how to apply California
Law in the setting of parole dates when "time" is an factor.

INTRODUCTION

Petitioner submits this application for review, declaring the "record",
(established during his fifth parole consideration hearing, held April 5, 2006),
holds NO EVIDENCE petitioner currently poses a risk to public safety with which
to support the Board of Parole Hearings (Board) denial of parole.

BACKGROUND

Ms. Mills (the victim) and Mr. Simmons (the petitioner) lived together for a
period of seven years, during which time evidence developed that the victim had
a bad temper.

On May 28, 1989, the victims temper led to the following chain of events:

Petitioner's car was broken so he could not go to work on the Friday preceding
the homicide. With the help of a neighbor, Chris Cothren, petitioner began
working on his car in order to get it running to get to work on Monday. The
victim was angry that petitioner was unable to go to work. Petitioner worked on
the car all Friday night. On Saturday, the car still not working, petitioner
continued to attempt to repair the car with Cothren's help. On several
different occasions, the victim came out yelled at petitioner for not spending
enough time with her and the children (one girl and one boy). The next morning,
Cothren saw petitioner and asked him if he was ready to work on the car,
petitioner replied no "She's still pissed". Later that morning, the Children
went to Cothren's residence, informing Cothren their parents needed him. When
he arrived he found the victim in an agitated state on the floor. When he tried
to help her, she hit him. The victim was angry and upset and throwing things.
The victim then went into the garage and called petitioner. Cothren followed
but retreated after the victim threw something his direction. Cothren then
heard a loud bang. When he went into the garage, he found the victim on the
floor and petitioner standing with the gun to his head. After kicking the gun
out of petitioner's hand, petitioner was observed running around the duplex
yelling, "I killed her. She's dead."

Petitioner testified that the victim yell at him for leaving a loaded pistol in
a desk in the garage, as petitioner started to unload the gun, the victim made a
motion as if to strike him, he flinched and the gun went off.

Petitioner, arrested on May 28, 1989, was released on bail on June 2, 1989. He
was not considered a threat to the public, and not taken back into custody
until after the jury conviction on June 29, 1990. Petitioner has served over 16
actual years of incarceration, more than 20 years when earned conduct credits
are added, for a conviction of second degree murder.

The above taken from Probation Report and Appellate Court Opinion (Ex "2", Ex G)

PAROLE CONSIDERATION HEARINGS

Petitioner has been up for parole five times. First hearing held, June 25, 2001, Second, June 25, 2002, Third, September 23, 2003, Fourth, September 21, 2004, and his Fifth, the hearing he's challenging, held April 5, 2006.

At each hearing petitioner has been denied parole based solely on the commitment offense. Petitioner's First hearing panel told petitioner "we're not here to retry the case, again to determine your suitability for parole and we think that you're doing an excellent job" "Whatever you do, don't give up hope." Petitioner's Second hearing panel said "petitioner would be suitable for parole if petitioner would reconcile his position of the offense versus the jury's position". Petitioner's Third hearing panel said "You are one of the bright stars in prisoners that I have seen thus far. I see that in your future you will get a date. But at this point, it's not your time. There's still some time that you must serve, okay?" "Your in the fourth quarter of a football game, keep the ball from the other team and you win". Petitioner's Fourth hearing panel said "You're doing all the right things to get a date". Petitioner's Fifth and latest hearing panel said "You're moving closer to the door" "your offense keeps you in" "it's going to take some time".

Common thread among each hearing panel, ALL found petitioner met or exceeded Suitability factors as listed in California Code of Regulations Title 15 Division 2, Section 2402.

The panels deny parole based solely of the gravity of the offense.

SUPERIOR COURT FINDINGS                                               First, the superior court claimed it could not find In re Lee case cited by petitioner. The only citation petitioner had at the time he filed his answer was 2006 DJDAR 13961, petitioner was unaware courts did not have access to Daily Appellate Reports. The official citation is 143 Cal.App.4th 1400.

Next, the courts finding that Dannenberg and Rosenkrantz prohibits judicial

review is incorrect.  The review process has been held to include whether there
is actually "some evidence" that the commitment offense is "particularly
egregious", and if supported, can the offense support parole denial once
petitioner enters into first degree murder time?

## PETITIONER'S CONTENTIONS

1. What evidence in the "record" can support a finding petitioner currently
   poses a unreasonable risk to public safety if released on parole?

2. Is the Board's failure to consider the California Department of Corrections
   and Rehabilitation assessment of petitioner's offense of "Not being
   Unusually Violent" versus the Board's "Particularly Egregious" finding,
   which is opposite and inconsistent, a violation of either the state or
   federal due process clauses of their constitutions?

3. Was petitioner's due process rights under the state and federal constitution
   violated at his fifth (5th) subsequent parole consideration hearing, held
   April 5, 2006, by the Board's continued use of unchanging factors.

4. Should petitioner's restitution fine of $10,000.00 dollars be reduced in
   accordance of California Penal Code 1202.4 (b)(2)?

**GROUND ONE:**

What evidence in the "record" can support a finding petitioner currently
poses a unreasonable risk to public safety if released on parole?

Petitioner specifically challenges the Boards decision that he currently
poses an unreasonable risk to public safety, if released on parole, during his
fifth subsequent parole consideration hearing, held April 5, 2006, (Ex "1").

The Board asserted the following reason for denying parole:

"The panel has reviewed all the information received from the public and relied
on the following circumstances in concluding that the prisoner is not suitable
for parole and would pose an unreasonable risk of danger to society or a threat
to public safety if released from prison. And specifically that is that the
motive was inexplicable in relation to the offense.  This was a tumultous
relationship"..."The commitment offense was senseless, irregardless of which
telling of the how it happened is accurate.  It was unnecessary to have happened
at all.  And that's simply, in my opinion, going to take some time."

atroCheuBoardcddd1potCfiidotheaccommetmenRegfifatsonto(BeRespetiellg bectoos,

i .

The Board did **not** find the commitment offense to be especially heinous, atrocuous or cruel, (California Code of Regulations (CCR) Title 15 section 2402), nor would a finding be supported by the evidence, In re Lee, 143 Cal.App.4th 1400, Lee went to collect money owed to him by his victim, the victim refused to discuss the money owed, Lee fired five shots from his gun, two bullets wounded his victim, and one bullet killing the victims wife. The Court found this to be a commonplace murder, which did not justify the invocation of California Penal Code 3041 (b). The Court found in In re Shaputis, 37 Cal.Rptr.3d 324, a relationship marked by domestic violence, ended with Shaputis shooting his wife in the neck while drinking and arguing, contained "No Evidence" this type of murder had conduct beyond the minimum necessary required for a conviction for second degree murder. The court concluded denial of parole because of the offense was arbitrary and capricious.

In the instant case, witnesses at the parole hearing told the Board of the victim's bad temper, and the violent temper the victim exhibited on the day of this offense, the victim attached the neighbor, was throwing things at people, fighting with petitioner. When the victim yelled at petitioner about his gun he keep in a drawer in the garage, petitioner trying to please the victim, attempted to unload the gun when the victim swung to hit him he shot her. "No Evidence" can be found in petitioner's offense is beyond Lee or Shaputis to prevent parole.

The factor statutorily required to be considered, and the overarching consideration, is "Public Safety" In re Scott, 133 Cal.App.4th 573. The court in Scott held: "The commitment offense can negate suitability only if circumstances of the crime "reliably" established by "evidence" in the "record" rationally indicate that the offender will present an unreasonable public safety risk if released from prison. The question in petitioner's case. What is it

about petitioner's offense shows petitioner poses a current risk to public

safety? None. All the Board found was, its time we need from you, which is not

a finding allowed by California Law to deny parole <u>Scott</u>, supra, <u>Lee</u>, supra, <u>In</u>

<u>re Elkins</u>, 50 Cal.Rptr. 3d 503, California Law does not allow the Board to

convert a life with parole sentence into a life without parole sentence, <u>Bair</u>

<u>v. Folsom State Prison</u>, 2005 WL 3081634 (E.D.Cal. 2005), <u>Rosenkrantz</u>

<u>v. Marshall</u>, 2006 WL 2327085 (C.D. Cal. 2006). Yet the holding of the Superior

court found, if the Board does not set a date, then its consider set at the

maximum, i.e. life means life in prison.

The Board commended petitioner for his rehabilitation efforts and placed

evidence in the record showing petitioner meets or exceeds CCR, title 15,

section 2402's suitability requirements as follows:

No Juvenile Record.

Stable Social History.

Signs of Remorse.

Petitioner never denied shooting the victim, and has always expressed his
deepest sorrows.

Motivation for the Crime.

Significant stress factors were present towards petitioner by the victim the
weekend proceeding the offense.

Battered Women Syndrome.

Does not apply. (And not discussed on the record) Yet, reverse the case factors,
applies if petitioner were female.

Lack of Criminal History.

Petitioner's only prior was misdemeanor for carrying a loaded firearm in a
public place. Petitioner was not violating any California Law for having a
loaded firearm in his place of residence.

Age. Petitioner's present age (Almost 40) reduces probability of recidivism.

Understanding and Plans for Future.

Petitioner has family support, a place to live upon release and marketable
skills with which to gain employment.

Institutional Behavior.

Petitioner has an exemplary prison behavior record and must be commended for his variety of programs of self-help he's taken.

The Board found petitioner has made numerous gains during his years of continued incarceration, has maintain these gains as evidenced by his non-violent prison record, because of which petitioner's prison security level has been reduced to the lowest possible for an inmate without a fixed parole date.

The California Department of Corrections and Rehabilitation (CDCR) has concluded petitioner poses a low security risk, always being mindful of public safety concerns by finding the following:

1) Petitioner's offense was "not unusually violent" by being classified a level II inmate.

2) Petition has a non-violent prison record.

3) Petitioner is now classified a low "public safety" risk by being housed at Correctional Training Facility II - East Dormitory - designed for non-violent, programming, working individuals, such inmate's are considered "low risk" and "non-violent" as testified to in the case Johnson v. California, 321 F.3d 791, 795.

The Board's sole reason for denial of parole was time, all five hearing panel over a six year span have claimed petitioner cannot parole because he has not done enough time.  California Law does not hold time as a factor to deny the setting of a parole date Penal Code 3041 (a) or (b).  The Law holds a date shall normally be set, if time is the only factor, then the Board is to set the date.

Notwithstanding the offense, both Lee and Elkins supra held crimes loose most of their usefulness in foreseeing the likelihood of future offense after 10 years, petitioner's Board's never found his offense to be "Particularly Egregious", their is nothing contained in petitioner's record to support a finding he currently poses a risk to public safety and his offense occurred over 17 years ago.

7

All murders represent the basest form of human behavior. California Laws, however, provide for mechanisms by which even murders, in limited circumstances, are entitled to be paroled. The judiciary has an obligation to execute those laws. Petitioner's record establishes that he does not pose a unreasonable risk to public safety. Any contrary conclusion lacks any evidentiary support. As the record allows only one conclusion about petitioner's lack of dangerousness to the public, it would serve no purpose to remand this matter back to the Board to reconsider their decision (Lee, supra), nor would review by the Governor change the record.

Accordingly, this petition for writ of habeas should be granted, further, since petitioner could have been released by Law since November 29, 2001, 5 years ago, this Court should order his release.

**GROUND TWO:**

Is the Board's failure to consider the California Department of Corrections and Rehabilitation assessment of petitioner's offense of "Not being Unusually Violent" versus the Board's "Particularly Egregious" finding, which is opposite and inconsistent, a violation of either the state or federal due process clauses of their constitutions?

CCR, title 15 section 3375 (b), mandates "Public Safety" be considered during classification hearings. CCR, title 15 section 3375.2 (a)(7) prohibits an "Inmate" serving a "Life" term from a Level II facility, if any of the following case factors apply:  Multiple Murders, Execution-Type Murder, High Notoriety (public panic if inmate escaped; based on, nature or circumstance of crime, criminal history, of custody behavior), and Unusual Violence.

CDCR found petitioner's offense met none of the above, lowered his custody level to a Level II inmate and now houses him in Correctional Training Facility - East Dormitory, housing reserved for non-violent inmates Johnson

v. California, 321 F.3d 791, 795. The rules and regulations of East Dormitory
are contained in which shows this housing unit is
designed for non-violent, programming, working individuals, such as petitioner.

Clearly CDCR's assessment of petitioner is opposite and inconsistent of the
Board's, who is an arm of the CDCR, In re Dannenberg, 23 Cal.Rptr.3d 440.

Thus, the alleged elevation of petitioner offense should be precluded under
the doctrine of judicial estoppel, Morris v. State of Cal., 966 F.2d 448,
cert. denied Cal. v. Morris, 506 U.S. 227. Plus, it can be said double jeopardy
attaches Ashe v. Swenson, 397 U.S. 436. Petitioner has a right to be fairly
judged Hampton v. U.S., 425 U.S. 484.

CDCR does not find petitioner to be a **threat to public safety based on his**
offense, how then can the Board justify denying **parole? It cannot be said, the**
Board is making a reasonable decision, good cause for judicial intervention,
finding for estoppel to prevent reclassification of elements of petitioner's
offense to justify denial of parole.

GROUND THREE:

Was petitioner's due process rights under the state and federal
constitution violated at his fifth (5th) subsequent parole consideration
hearing, held April 5, 2006, by the Board's continued use of unchanging factors.

While unclear why the Board denied parole, except they want more time, time
is not a factor. Petitioner, as addressed, has been to five (5) parole
hearings, at each he has been denied parole because he has not done enough time.

The Ninth Circuit has held that petitioner has a federally protected
liberty interest in parole, Sass v. California Board of Prison Terms, 2006 DJDAR
11931. The Board commends petitioner for meeting all the rehabilitation
requirements espoused by the prison system, (Ex "1") (CCR title 15 section 2402)
and as addressed.

The United States Supreme Court found in Greenholtz v. Inmates of Nebraska,
442 U.S. 15, "the behavior record of an inmate during confinement is critical in

determining the degree the inmate is prepared to adjust to parole release".

In <u>Irons v. Warden</u>, 358 F.Supp.2d 936, found: "In assessing any due process violation is the fact that continued reliance on unchanging circumstances transforms an offense for which California Law provides eligibility for parole into a de facto life imprisonment without parole.

Petitioner being denied parole at (5) hearings for not doing enough "time" violates his due process right to parole, requiring his release on parole.

**GROUND FOUR:**

Should petitioner's restitution fine of $10,000.00 dollars be reduced in accordance of California Penal Code 1202.4 (b)(2)?

Petitioner was convicted June 29, 1990 with a eligible parole date of November 29, 2001, eleven (11) years (Ex "1").

The sentencing court made no finding petitioner had an ability to pay a $10,000.00 dollar fine, in fact the court found petitioner lacked the ability to reimburse the County for attorney fees and unable to pay cost of presentence report (Ex "4").

When a court finds a defendant has an inability to pay, then restitution amounts are set in accordance with California Penal Code 1202.4.  Penal Code 1202.4 states in part:  In the setting the restitution fine, multiply $200.00 dollars by the number of years to be served in prison, the inability to pay may be further considered when increasing the fine in excess of $200.00 dollars.

Petitioner's first actual release date of November 29, 2001, (minimum eligible parole release date, Penal Code 3041 (a)) whether paroled or not, the number of years in determining restitution should have been 11.

Petitioner was sentenced September 17, 1990, his first actual release date was November 29, 2001, eleven years, times $200.00 dollars equals $2200.00 dollars.

Respectfully, petitioner asks this court to reduce his restitution fine to

$200.00 dollars due to his inability to pay, but not exceeding $2200.00 dollars under Califonrnia Penal Code Section 1202.4.

I, petitioner, Michael Simmons, declare under penalty of perjury the above true and correct.

### CONCLUSION

Therefore:  Petitioner was convicted of Second Degree Murder, beings he meets or exceeds all factors of suitability and there is no other evidence of unsuitability, including elements beyond the minimum necessary to sustain a conviction for second degree murder, which petitioners jury never found Cunningham v. California, United States Supreme Court decision filed January 22, 2007, found California cannot use facts not found by a jury against a defendant.

The only reasons the Board used to deny parole was elements of aggravation, not found by the jury, the Boards decision is not support by any evidence, thus requiring this petition for review to be granted.


Dated:   January 28, 2007


Respectfully Submitted,



Michael Simmons  Pro Se

11 .

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, _____Michael Simmons_____, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

Michael Simmons, CDCR #: E-70748
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: ED-147-Up
SOLEDAD, CA 93960-0689.

On _____January 28, 2007_____, I served the attached:

Petition for Review

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

SUPREME COURT OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-7303

CALIFORNIA COURTS OF APPEAL
FOURTH APPELLATE DISTRICT
3389 TWELFTH STREET
RIVERSIDE, CA 92501

CALIFORNIA SUPERIOR COURT
SAN BERNARDINO COUNTY
401 N. ARROWHEAD AVE.
SAN BERNARDINO, CA 92415

CALIFORNIA ATTORNEY GENERAL
P.O. Box 85266
SAN DIEGO, CA 92186-5266

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on _____January 28, 2007_____.

Michael Simmons
Declarant