Michael Anthony Simmons
E-70748   ED-147-Up
P.O. Box 689
Soledad, CA 93960-0689
Pro Se



FILED
08 MAR 26 PM 1:33

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Anthony Simmons, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> BEN CURRY, Warden (A), et al., ) <br> ) <br> Respondent. ) | Case No. C 07-4537 CRB (PR) <br><br> **TRAVERSE TO ANSWER TO ORDER TO SHOW CAUSE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES.** <br><br> Judge: The Honorable Charles R. Breyer |

**INTRODUCTION**

In this Habeas action Petitioner, Michael Anthony Simmons, asserts the Board of Parole Hearings Violated his Federal Due Process Rights by Denying him Parole Citing Elements that Cannot deemed Beyond the Minimum Necessary to Sustain his Conviction and Unchanging Factors during his April 5, 2006 Parole Consideration Hearing. On January 11, 2008 this Court Ordered Respondent to Show Cause why Relief Should Not be Granted. Respondent filed his answer March 3, 2008.

Petitioner, in Traversing Respondent's answer, asks this Court to use the less stringent standards then formal pleadings drafted by lawyers, see <u>Haines v. Kerner</u>, (1972) 404 U.S. 519, when reviewing Petitioner's Petition for Writ of Habeas Corpus, which Petitioner incorporates by reference as though fully set forth herein, and the following Admissions, Denials and Allegations.

1

**TRAVERSE TO RESPONDENT'S ANSWER**

I.

Petitioner denies the allegations contained in paragraph 1. of the answer.

Petitioner's Minimum term expired November 29, 2001, see Respondent's Exhibit 4 page 1 [petitioner's minimum eligible parole date (MEPD) is his minimum term see California Penal Code (PC) 3041(a): Minimum Term minus time credits equals MEPD] thus, Petitioner's continued incarceration after being denied parole Five (5) times on unchanging factors in violation of federal due process Hayward v. Marshall, (2008) 512 F.3d 536, makes his custody in the California Department of Corrections and "Rehabilitation" unlawful. It is true, Petitioner is not Challenging his conviction in the instant action.

II.

Petitioner denies the allegations contained in paragraph 2. of the answer.

Respondent's summary of facts MisCharacterizes Petitioner's Offense, by the omission of important facts one is lead to believe Petitioner committed a greater offense then convicted evidences.

Important Facts Omitted by Respondent are:
FACT: The neighbor, Mr. Cothren, left the garage because the victim was throwing things at him! FACT: The Victim was very Mad! FACT: A witness claimed to hear a "man's" voice yell he was "going to kill the fucking bitch" the witness did not say if the voice was Cothren or Petitioner! FACT: The witness testified 30 seconds lapsed between the gun shot and the "man's" voice! FACT: The victim was hitting Petitioner and throwing things at Cothren! FACT: Petitioner testified the victim grabbed the gun Petitioner was attempting to unload when the gun went off no "evidence" ever disputed this testimony. FACT: Petitioner's Jury found Petitioner guilty of Second Degree Murder based on all the FACTS! See Respondent's Exhibit 3 for ALL the FACTS!

2

LEGAL FACT: California Law requires the Offense committed to be beyond the minimum elements necessary to sustain the conviction, I.E. crime must be "particular egregious", [meaning a second degree murder was committed with elements of premeditation or deliberation] to justify the Board's decision to deny parole based on the Offense In re Dannenberg, 34 Cal.4th 1061 fn. 16. Respondent does not claim, nor could he claim, Petitioner's Offense rises above the minimum elements necessary to sustain the conviction, making the Board's decision unsupported by "some evidence" in the record.

III.

Petitioner admits the allegations contained in paragraph 3. of the answer with the following reservations.

Petitioner denies that the Board's reasons for claiming Petitioner would pose an unreasonable risk to public safety if released on Parole is supported by the record. Petitioner Objects to the Board [and Respondent's] meritless claim that the facts of Petitioner Offense have changed or are less clear to any party other than the Board and Respondent. The Offense becomes less clear when the Board and Respondent omit important facts to support their decision or answer.

IV.

Petitioner admits the allegations contained in paragraphs 4, 5, 6, of the answer.

V.

Petitioner admits the allegations contained in paragraph 7. of the answer with the following exceptions.

Petitioner denies that he is not entitled to any and all relief that is available beyond his 2006 denial.

VI.

Petitioner denies the allegations contained in paragraph 8. of the answer.

Petitioner having a federal protected liberty interest the federal question is framed by the statutes and regulations governing parole suitability

3

determinations in the relevant state. <u>Hayward</u> supra at 542.

VII

Petitioner denies the allegations contained in paragraph 9. of the answer.

As far as Petitioner is aware, all State Law Appellate Decisions cited are settled, Respondent's claims are not supported by citation and must be disregarded

VIII.

Petitioner denies the allegations contained in paragraph 10. of the answer.

It's unclear what Respondent is preserving, as the Ninth Circuit has settled these questions of Law, see <u>Hayward v. Marshall</u>, (2008) 512 F.3d 536.

IX.

Petitioner denies the allegations contained in paragraph 11. of the answer.

As held in <u>Hayward</u> Id. at 547-548, when the State Court unreasonably applies the "some evidence" standard established by the United States Supreme Court, Habeas Corpus relief is available and required when no "evidence" in the "record" supports the decision made. Petitioner's "record" does not support the decision.

X.

Petitioner denies the allegations contained in paragraph 12. of the answer.

The Supreme Court found the U.S. Constitution requires the Board to inform Petitioner in what respects he fell short for qualifying for parole see <u>Jancsek v. Oregon Board of Parole</u>, 833 F.2d 1389, 1390; (quoting) <u>Greenholtz</u>. Respondent claims due process only requires Petitioner to be heard and informing him he was denied because he committed a crime. This is an unreasonable application of <u>Greenholtz</u>. Judicial Notice should be taken that Petitioner has availed himself to numerous rehabilitation programs offered by CDCR even though the Board never claimed Petitioner's rehabilitation efforts fell short for parole suitability.

XI.

Petitioner denies the allegations contained in paragraph 13. of the answer.

The Ninth Circuit has repeatedly held the "some evidence" standard applies

4

see Hayward supra at 542; Petitioner stands firm, there is "no" evidence in the record to support the Board's decision that Petitioner currently poses an unreasonable risk to public safety thus the Board's decision to deny parole is not supported by "some evidence" to deny parole based on public safety concerns.

XII.

Petitioner denies the allegations contained in paragraph 14. of the answer.

The Ninth Circuit has rejected Respondent's argument that the Board can deny parole on unchanging factors numerous times and rejected Respondent's assertion that offenses cannot lose their predictive value over time Hayward supra at 546.

XIII.

Petitioner denies the allegations contained in paragraph 15. of the answer.

The Attorney General of California appears to misunderstand why Offenders are incarcerated in California Prisons. California Prisons are meant to Rehabilitate the Offenders. Prison Custody Level's for indeterminate term inmates is based on the gravity of the offense (see Petitioner's habeas ground two), basically the same criteria the Board uses to not set a parole date when a crime calls for a longer period of incarceration under Penal Code 3041(b), and both the Board and Prison are required to consider public safety. Respondent conceded that the Board "DID NOT" find Petitioner committed his offense with elements beyond his conviction for second-degree murder, Petitioner's Suitability factors exceed regulations and his offense does not meet the unsuitable factors, clearly the Board's failure to consider what happens in the prison system is unreasonable.

Lastly, evidenced by Petitioner's housing and work assignment the Prison system considers him to be non-violent, failure of the Board to consider all this evidence most certainly violates due process.

XIV.

Petitioner denies the allegations contained in paragraph 16. of the answer.

Respondent does not deny this is Petitioner's Fifth (5th) time being denied

5

parole based on the same factors. Because these unchanging factors are the sole basis for parole denial, the Board has set Petitioner's sentence at the maximum, a convergence from life with to life without parole.

XV.

Petitioner admits the allegations contained in paragraph 17. of the answer.

XVI.

Petitioner denies the allegations contained in paragraphs 18, 19, 20, 21 of the answer.

Being the Board's decision is unreasonable, not supported by evidence and contrary to established law, Petitioner ask the Court to grant his Petition.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ARGUMENT

### HABEAS RELIEF IS WARRANTED EVEN UNDER AEDPA STANDARD

The Ninth Circuit held in Hayward v. Marshall, (2008) 512 F.3d 536, 542, that relief can be granted to an indeterminate sentenced inmate, like Petitioner, when the Board's decisions lacks "some evidence" or is "otherwise arbitrary" in violation of Superintendent v. Hill, (1985) 472 U.S. 445.

**A.   STATE COURT DECISION WAS CONTRARY TO ESTABLISHED FEDERAL LAW**

First, Respondent Misstates the holding in Greenholtz. The U.S. Supreme Court held due process is violated when the Board fails to inform the inmate in what respects he fell short for qualifying for parole, see 442 U.S. at 16. This holding is a far cry from Respondents quote that the Board only has to explain the reason for the parole denial. Thus, merely telling Petitioner he was denied parole because he committed a crime is contrary to the holding in Greenholtz.

**1.   DOES CAREY v. MUSLADIN ABROGATE SUPERINTENDENT v. HILL?  NO.**

Respondent says Musladin prevents the import of the some evidence test found in Hill into a parole consideration hearing. The Ninth Circuit has held otherwise see Hayward, 512 F.3d at 542.

6

B.  **THE STATE COURT DECISION UPHOLDING THE BOARD'S DENIAL OF PAROLE WAS AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW.**

Respondent claims the State Court found "some evidence" supported the denial of suitability for parole on the basis of the conduct of the Petitioner in the commission of the crime. Respondent did not cite what the "evidence" was, and Respondent goes on to claim the Court was justified by finding that the Board does not need to explain what this evidence is. So what is the "some evidence"?

Notwithstanding the State Courts use of the crime, Petitioner contended his due process rights were violated by the Board's continued use of the unchanging factors of his offense. Respondent answered by saying that is okay because the Ninth Circuit said in Biggs v. Terhune, 334 F.3d 910, 917, only it possibly could. What Respondent failed to address is the Ninth Circuit holding in Hayward 512 F.3d 546-547 due process violated by relying on stale and static factors in reversing [denying] parole grant.

C.  **STATE COURT DECISION UPHOLDING THE BOARD'S DENIAL WAS UNREASONABLE INTERPRETATION OF THE FACTS IN LIGHT OF THE EVIDENCE PRESENTED.**

Again, we start with what is the "evidence"? Respondent claims Petitioner's offense and past offense is such a nature that a longer period of incarceration is needed to protect public safety PC 3041(b).

Respondent's argument is meritless, in order for a crime to meet the Rosenkrantz (2002) 29 Cal.4th 616, test, the crime and/or past crimes MUST be "particular egregious". The California Supreme Court said this means the offense must have elements beyond the minimum necessary to sustain the conviction, i.e. a second degree murder must have elements of premeditation or deliberation see Dannenberg (2005) 34 Cal.4th 1061 fn. 16.

Neither the Board, the State Court, or Respondent have ever pointed to elements beyond those necessary to sustain Petitioner's conviction for second

degree murder. Respondent conceded this point in his answer (see respondent's answer page 5 lines 1-2). Petitioner's prior offense likewise is not some evidence to deny parole, this misdemeanor conviction for carrying a loaded weapon cannot support the Board's decision.

Thus, the State Court's decision to uphold the Board's denial of parole is not supported by the record and is an unreasonable interpretation of the facts presented. As such, the State Court denials of habeas relief don't meet the AEDPA standards, giving good cause for this Court to overturn their decisions.

Petitioner's Petition for Writ of Habeas Corpus should be granted.


## CONCLUSION


**WHEREFORE:** Petitioner has presented "evidence" that the Board of Parole Hearing's decision is not supported by "some evidence". The Board's reasons for denying parole does not show, nor can any evidence be found, that Petitioner would pose an unreasonable risk to public safety when released on parole. In fact the Probation Officer (see Respondent's Answer Exhibit 2 page 4) did not see Petitioner as a future threat to society or criminally oriented. The Probation Officer hoped Petitioner would enhance his ability to function when paroled, and low and behold Petitioner has done just that, he has been a model inmate and has taken many programs to enhance his ability to have a successful parole. The commitment offense can only negate suitability when the circumstances of the crime can rationally indicate Petitioner will present an unreasonable risk to public safety see Scott (2005) 133 Cal.App.4th 573, 594-595; quoted from Hayward 512 F.3d 543.

8

When "no evidence" supports a finding Petitioner would pose a unreasonable risk when parole his habeas petition should be granted and remand to issue a new decision would be a futile and idle act, thus the only appropriate remedy is an order for immediate release, see Saif'ullah 2005 WL 1555389 at *16; Rosenkrantz v. Marshall, 2006 WL 2327085; McQuillion v. Duncan, (2003) 343 F.3d 1012, 1015-16; Lee (2006) 143 Cal.App.4th 1400; Elkins (2006) 144 Cal.App.4th 475.

DATED: March 23, 2008

Respectfully Submitted,

Michael Anthony Simmons   Pro Se

9

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ 1013(A), 2015,5)

I, _____ Michael Anthony Simmons _____ , declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

> Michael Anthony Simmons CDCR #: E-70748
> CORRECTIONAL TRAINING FACILITY
> P.O. BOX 689, CELL #: ED-147-Up
> SOLEDAD, CA 93960-0689.

On _March 23, 2008_ , I served the attached:

TRAVERSE TO ANSWER TO ORDER TO SHOW CAUSE;

SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES.

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>450 GOLDEN GATE AVE<br>SAN FRANCISCO, CA 94102-9680 | DEPARTMENT OF JUSTICE<br>OFFICE OF THE ATTORNEY GENERAL<br>455 GOLDEN GATE AVE., SUITE 11000<br>SAN FRANCISCO, CA 94102-3664 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on _March 23, 2008_.

_[signature]_
Michael Anthony Simmons
Declarant